plus the very real medical concerns and the very real trauma he suffered in prison because of that certainly equal extraordinary and compelling circumstances in this case. Thank you very much. Very well argued on both sides. We appreciate it. We'll of course reserve the decision and we'll hear argument in the next matter. Uzoigwe v. Charter Communications, case number 241399. Thank you. Hold on one second, Mr. Uzoigwe. Okay. Good morning and may it please the court. Good morning. I am Pro Se Plaintiff Appellant with Uzoigwe. I was wondering if I can get another five minutes, if possible. No, I think I've already, I think we already, you made that request. I asked for 30 minutes, but I figured it was probably too much. So what I would urge you to do, so we have the benefit of your papers. So we understand what the case is about, all the issues, the facts, the law. And this is really your opportunity. I'm going to ask the court of deputy to put it back to five. Okay. This is your opportunity to tell us in as brief, but also as clear a way as possible, what it is that you want and your main arguments. Okay. So this is an appeal for the dismissal of my claims. The denial of my remand motion, the orders denying my two reconsideration motions, and also for Judge Gonzalez's alleged abuse of discretion and lack of impartiality. I did request either to reverse or vacate the decision and then remand it to state court. I am not sure, but I think vacating the decision and remand it to state court would be more appropriate. So I'll just get into the issues. The first is the district court's order denying the remand. The district court judges, Judge Gonzalez, wanted you to believe that only one service attempt was made, but the record reflects that two services were effectuated. I believe that the judge's intentional omission alone should be grounds for vacater and remand to the state court. How was the second service? The second service was made in conformity by personal service, NYCPLR 311A. It was done by personal service, basically. Was that done after the case was removed? Before the case was removed. So 312A was effectuated prior to their removal, and then 12 days later, the personal service was, I'm sorry, 12 days after they received the 312A service, they received the service in conformity with, basically- Personal service. The personal service was done, yes. And that was done before they removed the case. And it's on the docket. It's on the district court docket. It was in the removal documents. Judge Gonzalez completely ignored the affidavit that was on file from the- So the affidavit, it was an affidavit of a process server who said, I served this company. Correct, correct. And that was done before the case was removed. Correct, and I can give you the exact dates. It's the, if you, well, it's on the appendix. So if you look at it doc, what's that? Take your time. I'm sorry. So it's document entry 67.1, 51 to 55. And that's Eve Viguerie's, he was the process server, my private process server. Did you ever receive from the first service, the one that was done by mail? Right. You enclosed an acknowledgment form. Yes. Did they ever, did your adversary ever return that form filled out? So they never actually, I wouldn't say, they didn't, depends on how you look at it. They didn't return the forms, but when it was in the district court docket, and after I put in my motion to remand that they did get it, that it was included, they uploaded it as evidence. I argue that that was actually when they signed the forms. But there's a case- What's the date on which this form was signed? Do you know? I don't have it in front of me right now. It's not critical. They didn't actually sign it, you know, wet ink. They just uploaded it on the docket. So I figure that would- So that's the acknowledgment form that you sent- That I sent to them, yes. In a self-addressed envelope the first time. Yes. Showing that they received it. It's in the court record, but it's not, it was never signed by them and returned to you personally. Correct. It was just uploaded to the court file. Correct. Why did you serve them personally when you hadn't heard from them? Something about the, it just felt like they had too much power to ignore the service. So I just decided to effectuate another service, which happens to be in conformity with 311A. And so- So your position is that you effected service twice. Twice. Twice. One, they have an issue with, presumably, because they never sent back the acknowledgment form, even though it was in their power to do it. But the second one was served before the case was removed to federal court. Correct. You're a resident of New York State. I'm a resident of Maryland. They are a resident of New York State. Right, okay. And the only claims you were raising are contract claims. Breach of contract and negligence claim. Negligence claim. Yes. And even for the negligence claim, my time is almost up, but I'll get to the negligence claim because this is a big one. It kind of shows Judge Gonzalez's impartiality. He, there are a number of cases that were after my case where he construed the COVID-19 orders as tolls. When he- What was the nature of the negligence? I'm sorry, as suspensions, I'm sorry. What was the nature, what did they do that you allege is negligent? Breaching the contract. Breaching the contract. And I did just want to add that there's a case that was in this circuit, Morse v. Elmira, in 1984. And it still seems like it's good law. I know the federal rules of civil procedure changed, but the old rule 4C2, C subsection 2, what they allowed for was basically the same thing that's in NYC PLR 312A now. So it would seem fitting that Morse v. Elmira be applied to basically this case. Thank you. Thank you very much. Thank you. Court is over decision. Thank you very much. Thank you.